UNITED STATES of America, Plaintiff–Appellee,

v.

Alejandro MARTINEZ–VASQUEZ, Defendant–Appellant.

Nos. 05–40834, 05–41392. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Timothy William Crooks, Laura Fletcher Leavitt, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Alejandro Martinez–Vasquez appeals his convictions and sentences for unlawfully attempting to enter the United States af-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ter deportation following an aggravated felony conviction in 2002 and unlawful presence in the United States after deportation following an aggravated felony conviction in 2005, both in violation of 8 U.S.C. § 1326(a) and (b). Martinez–Vasquez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the waiver provision in Martinez–Vasquez's plea agreement in relation to his unlawful presence conviction precludes his attack on the constitutionality of § 1326(b) in the appeal of his conviction and sentence in that matter and that, as a result of the waiver, Martinez–Vasquez lacks standing to challenge the constitutionality of § 1326(b) in his appeal of his unlawful presence conviction. We assume, *arguendo* only, that the waiver does not bar Martinez–Vasquez's appeal in relation to his unlawful presence conviction.

Martinez–Vasquez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez–Vasquez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez–Vasquez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. For these reasons, Martinez–Vasquez's convictions and sentences are AFFIRMED.